STATE OF MAINE *vs.* INTOXICATING LIQUORS,

JOSEPH DONDIS, Claimant,

and

JOSEPH DONDIS, In Certiorari,

*vs.*

WILLIAM P. HURLEY, Judge,

and

LEWIS F. STARRETT, Recorder of Rockland Police Court.

Knox.    Opinion October 6, 1914.

*Certiorari.    Claimant.    Interest in Liquors.    Intoxicating Liquors.*
*Owner.    Record.*

1.  The Statutes establishing the right of an owner to make claim for liquors under seizure, and secure their release, contemplated a case where the real owner should appear, either personally or by properly authorized representative, and make claim and produce proof sufficient to satisfy the court having jurisdiction of the justice of his claim and of his lawful possession and ownership in fact.

2.  The claimant in this case does not measure up to the requirements of the Statutes.  He is not such a party in interest as the law contemplates, nor does he show agency.

On report.    Appeal dismissed.    Writ quashed.

Two cases considered together.    The first case is an appeal from the order of the Judge of the Police Court of the City of Rockland, condemning certain liquors described in the libel.    The second case is certiorari, in which the claimant attacks the validity of the warrant, libel and monition, and the jurisdiction of the court.    At the conclusion of the evidence, the cases were reported to the Law Court upon so much of the evidence as is legally admissible, the Law Court to render final judgment therein.

The cases are stated in the opinion.

*Philip Howard,* County Attorney, for the State.

*M. A. Johnson,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J. These cases are before the court on report, and are to be considered together. The first is an appeal from the order of the Police Court of the City of Rockland condemning certain liquors described in the libel, in which the claimant attacks the validity of the warrant, libel and monition, and the jurisdiction of the court.

The second case is based upon errors claimed to exist in the record below, and the writ was issued upon the assumption that the errors assigned in the petition, existed in fact, and that the petitioner was entitled to relief.

The record presents two alleged records of the Rockland Police Court in a search and seizure process, and a libel and monition growing out of the same. The first record is that of the recorder of that court who issued the warrant and libel, assuming to act under authority of the act creating that court.

The other record is furnished by the Judge of that court, and is inconsistent with and in some respects a denial of the truth of the record made by the recorder, and counsel for the claimant relies to a great extent on the record and statements of the Judge to sustain his contentions in both cases.

While it is the stated purpose of the report to determine all matters in dispute in these cases, and the desire of the court as well to end litigation, we are confronted at the outset by a serious challenge of the truth of the original record, and the claimant presents as a true record copies of a record claimed to have been made by the Judge of the same court which are at variance with the record of his own recorder, and which, we must say, are not without fault, however erroneous the acts or records of the recorder may have been. We are not able with the report before us to determine which is the correct record, or if either is valid. An inspection of the original papers, and an examination of the witnesses involved would be necessary to a complete understanding of the cases, and meet the ends of justice, if injustice has been done.

Without passing further upon the validity of the proceedings, we do find, however, a grave objection to the maintenance of the appeal, or the writ of certiorari. The claimant urges his right to maintain both in the following language:

"And now comes Joseph Dondis, of Rockland in said county, who says that he is the agent and general manager of the Knox County Bottling Works, whose business is that of bottlers of soda, uno beer, and what is known as small beers, all non intoxicating, at said Rockland, and specifically claims as said agent and general manager, the right, title and possession in the items hereinafter named as having as said agent and general manager a right to the possession thereof at the time when the same were seized. And the foundation of said claim is that they were collected in from various sources and places in the building of said Knox County Bottling Works for storage, from which they were seized, and that they were to be shipped when further orders were obtained out of the state to their real owners thereof, and that in said capacity he had the right to the possession thereof at the time when the same were seized, and that they were taken from his lawful possession on the 29th day of March, 1912, from the frame building, additions thereto, outbuildings and appurtenances thereof occupied by said Knox County Bottling Works as a manufactory and storehouse, stated in the libel as a store, and situate on the north side of Sea Street, in said Rockland, by one Frank F. Harding, City Marshal of said Rockland, and this claimant declares that they were not so kept or deposited for unlawful sale as is alleged in the libel of said Frank F. Harding and in the monition issued thereon."

The claimant discloses no direct personal interest in the liquors in question. He says he is the manager of the Knox County Bottling Works, and as such manager had the right to possession of the liquors; that the liquors were in storage awaiting the time when, augmented by further orders and collections, they should be shipped to their real owners outside the State.

The statute establishing the right of an owner to make claim for liquors under seizure, and secure their release, contemplated a case where the "real owner" should appear, either personally, or by properly authorized representative, and make claim and produce proof sufficient to satisfy the court having jurisdiction of the justice of his claim, and of his lawful possession and ownership in fact.

The claimant in this case does not measure up to the requirements of the statute. *State* v. *Intoxicating Liquors*, 69 Maine, 524. He is not such a party in interest as the law contemplates, nor does he show agency. He cannot prevail in either contention. *Levant, Petitioners*

*for Certiorari,* v. *County Commissioners,* 67 Maine, 429. *State* v. *Intoxicating Liquors, Eastern Steamship Company, claimant,* 112 Maine, 138.

The entry will therefore be,

<div align="right">

*Appeal dismissed.*
*Writ quashed.*